IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| ZACHARY B. VILLANUEVA | : | |
| | : | |
| v. | : | Civil Action No. DKC 25-2643 |
| | : | |
| TYLER WITT, Property Manager, et al. | : | |

**MEMORANDUM OPINION**

Self-represented Plaintiff Zachary B. Villanueva ("Plaintiff") filed the above-captioned case on August 11, 2025, together with a motion for leave to proceed in forma pauperis. (ECF Nos. 1, 2).  Mr. Villanueva alleges that Defendants Tyler Witt (Property Manager) and an apartment complex named Avana Oak Mill violated his rights under the Fourth Amendment to the United States Constitution by "plundering and trashing" his personal property on July 10, 2025.  Mr. Villanueva's motion seeking in forma pauperis status will be granted.  For reasons noted herein, the complaint will be dismissed without prejudice.

Plaintiff alleges the following facts:

> 4th Amendment violated / personal property of Zachary B. Villanueva plundered and trashed by authority of Tyler Witt.
>
> On Thursday, July 10, 2025 – property of Zachary B. Villanueva was stolen. According to the authority of Tyler Witt and Avana Oak Mill property management team.
>
> Also on Tuesday of July 29, 2025, a key to enter apartment #13 of 20227 Halethorpe

>       Lane, Germantown, MD 20876; by Greystar
>       Corporation employees.

(ECF No. 1).

Plaintiff filed this complaint pursuant to 28 U.S.C. § 1915(a)(1), which permits an indigent litigant to commence an action in this court without prepaying the filing fee. To guard against possible abuses of this privilege, the statute requires dismissal of any claim that is frivolous or malicious or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(i) and (ii). This court is mindful, however, of its obligation to construe liberally self-represented pleadings, such as the instant complaint. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In evaluating such a complaint, the factual allegations are assumed to be true. *Id.* at 93 (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007)). Nonetheless, liberal construction does not mean that this court can ignore a clear failure in the pleading to allege facts which set forth a cognizable claim. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990); *see also Beaudett v. Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985) (stating a district court may not "conjure up questions never squarely presented."). In making this determination, "[t]he district court need not look beyond the complaint's allegations . . . It must hold the pro se complaint to

2

less stringent standards than pleadings drafted by attorneys and must read the complaint liberally." *White v. White,* 886 F.2d 721, 722-23 (4th Cir. 1989). Additionally, pursuant to Rule 12(h)(3) of the Federal Rules of Civil Procedure, the court "must dismiss" an action "[i]f the court determines at any time that it lacks subject-matter jurisdiction." "[Q]uestions of subject-matter jurisdiction may be raised at any point during the proceedings and may (or, more precisely, must) be raised sua sponte by the court." *Brickwood Contractors, Inc. v. Datanet Eng'g, Inc.*, 369 F.3d 385, 390 (4th Cir. 2004).

District courts are of limited jurisdiction, hearing cases or controversies as established by federal statute. As relevant here, the court retains jurisdiction (1) over civil actions that arise under the Constitution, laws, or treaties of the United States, 28 U.S.C. § 1331 (federal question jurisdiction); or (2) where parties are citizens of different states and the amount in controversy exceeds $75,000, 28 U.S.C § 1332 (diversity jurisdiction). Under the "well-pleaded complaint" rule, the facts showing the existence of subject matter jurisdiction "must be affirmatively alleged in the complaint." *Pinkley, Inc. v. City of Frederick*, 191 F.3d 394, 399 (4th Cir. 1999) (citing *McNutt v. Gen'l Motors Acceptance Corp.*, 298 U.S. 178 (1936)). "A court is

3

to presume, therefore, that a case lies outside its limited jurisdiction unless and until jurisdiction has been shown to be proper." *United States v. Poole*, 531 F.3d 263, 274 (4th Cir. 2008) (citing *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994)). Moreover, the "burden of establishing subject matter jurisdiction is on . . . the party asserting jurisdiction." *Robb Evans & Assocs., LLC v. Holibaugh*, 609 F.3d 359, 362 (4th Cir. 2010); *accord Hertz v. Friend*, 559 U.S. 77, 96 (2010); *McBurney v. Cuccinelli*, 616 F.3d 393, 408 (4th Cir. 2010).

The Complaint does not provide any proper basis for subject matter jurisdiction and fails to state a claim. The Fourth Amendment protects the right of persons to "be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." U.S. Const., amend IV. This protection applies to action by government actors. The United States Court of Appeals for the Fourth Circuit has explained:

> It is axiomatic that "[t]he Fourth Amendment protects against unreasonable searches and seizures by Government officials and those private individuals acting as instruments or agents of the Government." *United States v. Jarrett,* 338 F.3d 339, 344 (4th Cir. 2003) (citing *Coolidge v. New Hampshire,* 403 U.S. 443, 487, 91 S.Ct. 2022, 29 L.Ed.2d 564 (1971)) (internal quotation marks and alterations omitted). The Fourth Amendment, however, "does not provide protection against searches by private individuals acting in a

4

>   private capacity." *Id.* (citing *United States v. Jacobsen,* 466 U.S. 109, 113, 104 S.Ct. 1652, 80 L.Ed.2d 85 (1984)).

*United States v. Day*, 591 F.3d 679, 683 (4th Cir. 2010).

Plaintiff has not named as a defendant an individual or entity acting on behalf of a government. Rather, he has named as Defendants an individual and an apartment complex, neither of which are alleged to be part of, or controlled by, a government. Thus, there is no federal question jurisdiction as no cause of action has been stated. In addition, the Complaint does not demonstrate the existence of diversity jurisdiction as Plaintiff and Defendants are citizens of Maryland and he does not allege more than $75,000 in damages.[1]

Dismissal is appropriate here, given the lack of federal subject matter jurisdiction.

A separate order follows.

/s/<br>
DEBORAH K. CHASANOW<br>
United States District Judge

---

[1] A court may take judicial notice of a public record. Fed. R. Evid. 201(b). Plaintiff filed a replevin action in the District Court of Maryland for Montgomery County on July 28, 2025 (Case No. D-06-CV-25-021037). Avana Oak Mill was subpoenaed to appear in that court on August 28, 2025, at 9:00 a.m. to show cause why property should not be returned to Plaintiff, provided that a copy of the Show Cause Order and Complaint are served on or before August 25, 2025.